The court's last case today is case number 4110137, People v. Tipsord, for the appellate Amber Gray for the appellate David Manchin. Ms. Gray, you may proceed. May it please the court, counsel. As noted, my name is Amber Gray and I represent Mr. Tipsord in this matter. I wanted to start today by saying that despite this court's obvious familiarity with the issue raised in argument one of the defendant's brief, I plan to begin today by addressing the points raised therein. Certainly every case is unique, but given the court's decision in Lloyd, I thought it best to begin rather, not with the language, but where this court's decision in Lloyd seemed to leave off, which is the dissent's worry and the majority's worry is that we are here today because prosecutors in McLean County, I would argue, are incorrectly charging the crime, incorrectly charging the crime under the set of circumstances that we have today. I presume those prosecutors in McLean County realize the Supreme Court has taken this matter up and they don't always agree with the court's history. I would assume that is correct, but whether or not they know, I don't know. Aside from this court's opinion on this matter, as the brief notes, I believe truly that Illinois jurors' prudence teaches that Section 12-13A2 was designed to protect victims that are unable because of a mental rather than a legal condition to give knowing consent and to punish those defendants that know the victim is unable to give knowing consent. And I think, you know, because this court has been here before, I would like to point out that after this court's decision in Lloyd was issued, People v. Vaughn, from I believe it's the 1st District, was issued, and in that case, we have a 14-year-old victim who was asleep at the time that most of the incidences were occurring, and in that case, that is why they've helped to affirm that conviction. Vaughn was not a case like we have here, where we have a prosecutor arguing to the jury that we know the victim was unable to consent simply because she is a minor and that she's 14. And I respectfully disagree with the majority's opinion in this case that the any reason language in 12-13A2 includes the victim's age. And if there are no other questions on that issue, I had planned to address my arguments entirely in Argument 1, but I am thoroughly prepared to discuss any arguments or questions you might have, excuse me, related to Arguments 2 and 3 and 3. Well, I would like to hear your arguments regarding the admission of the evidence of gang membership. The gang membership? Certainly, Your Honor. I guess I would begin by asking, is there any case, because I don't remember seeing one in your brief or the State's brief, that would suggest that the State, in its case in chief, could put on evidence of gang membership simply to show why the victim may have delayed reporting the crime, since that would have nothing to do with an element of the offense. What would be your comment on that? My comment to that, Your Honor, is you are correct that there are not cases that seem to suggest that gang-related evidence usually comes in in cases where the State is trying to establish motive. Or identity. Or identity. But there are cases that suggest, you know, relevant evidence is evidence that tends to make it more or less probable. And it's usually about a material element in this case. And given the circumstances in this case, and that often, I believe, sex cases involve a credibility determination between the alleged victim and the defendant, because there are often no third-party witnesses and there is often no physical evidence corroborating it. But certainly that being said, and I think I raised this argument in the briefs, it makes it much less probative in this case that we're not trying, that the State was not trying to admit the evidence to prove motive or some other compelling reason that the courts have found to admit this, what they acknowledge is prejudicial evidence. And that's why in this case I firmly believe that it was far too prejudicial to admit this evidence. You know, certainly in this case, all the defendant had was his credibility. And when you admit, you know, evidence that he may or may not have been in a gang 13 years ago, when you admit it in a trial 13 years later, where all he has is his credibility, I think it is far too prejudicial and I think the trial court erred in admitting it. What about the discussion, though, about his knowing the leaders of the gang and showing the tattoos and then she being intimidated from reporting it because of that? Well, my first comment to that, Justice Pope, is I don't think the record was entirely clear on whether or not she was intimidated by his possible involvement with the gang. I mean, the defense attorney certainly argued that she was intimidated, period, and that it wasn't related to the gang-related evidence. But as far as the conversation she overheard, that conversation was not even directed towards her. It was directed towards the defendant's stepdaughter because she said, hey, you know, my boyfriend said he's a member of the GD gang, and Mr. Tipsert is responding to questions by his stepdaughter. And he also denies in his interview that he ever showed the girls the tattoo, aside from the fact that they had seen it. I think he acknowledges that they'd seen it without a shirt on, you know, at family gatherings. And also, the victim in this case testified that she knew what the tattoos meant before this incident. And again, Mr. Tipsert, in his interview, had stated that the reason that they knew what they meant was because his stepdaughter had looked it up on the Internet. And again, that kind of leads me to a point I made in the brief where we not only have the evidence coming in, which I think is prejudicial, but we also have, I believe, the prosecutor exacerbating that by making inferences that I don't think he could make from the record, which is, you know, he wore this tattoo like a badge of honor. Well, I don't see that in the record, nor do I see anywhere where the victim was justified in believing that the gang was going to retaliate against her. I mean, this is not a gang-related crime in any way, shape, or form. And that was certainly something he argued to the jury. And as I noticed, as I noted in the briefs in People v. Big Pin, that's exactly what they looked at. You know, it's not just the error, it's also how it's exacerbated by what the prosecutor then tells the jury right before they go to deliberate the case. Are there any other questions on that argument? I see none, but you will have rebuttal. Thank you very much. Mr. Manchin. Good afternoon, Your Honors. May it please the Court. Good afternoon. Counsel. I think until the Supreme Court rules on this issue, this Court should continue to follow the decision in Lloyd. The issues raised and the arguments raised are exactly the same. The statute says, unable to consent for any reason. It does not say any temporary reason, any physical reason. It says any reason. Any reason includes age. I think that the fact that... You know, opposing counsel referenced McLean County apparently beginning to file these on a more routine basis and not covering itself with perhaps a lesser included offense or perhaps even in this case, because it doesn't appear to me there ever was any consent, a more serious offense. I will ask you what I kind of, or at least kind of ask opposing counsel. McLean County is aware that the Supreme Court is reviewing this matter. I would assume they are. I have no direct knowledge myself, but I would assume they would. All they have to do is Google the case or go to Westlaw and they'll see that the PLA is pending. Well, does the appellate prosecutor's office ever communicate with the state's attorney's office and give them advice on holding off on charging until we get the decision from Lloyd? I mean, they may end up losing a bunch of cases. We rarely do give advice like that because they rarely consult with us or ask us for advice on that. We find out about what they're charging much later when it comes back up on appeals. Right, but now you know, and this is the second case we've had. And you're also aware, of course, that Justice Steigman wrote a pretty convincing dissent, which we believe the Supreme Court will take a serious look at as well. Yes, I recognize that. But as it stands now, Lloyd is the state of the law. And until the Supreme Court disagrees with you or agrees with you, we should continue to follow Lloyd. Arguments are exactly the same. The fact that you can charge a crime, theoretically charge a crime under two different statutes, does not mean that both are not intended to cover the subject. Each of the offenses based on age and this offense based on inability to consent have different elements. And allowing charges under this is not going to eliminate completely the offenses based on age. I think that this Court's decision in Lloyd was the correct one, that the statute says unable to consent for any reason. This legislature has determined that certain individuals because of their age are unable to give consent. By definition, they are unable to consent under the terms of the statute that says unable to consent for any reason. I think just looking at the plain language of the statute, unable to consent for any reason, you're unable to consent because of your age, that falls under the statute. To say that the statute is limited to the situation where it's normally used where the person's drunk or drugged or insane or mentally incompetent or asleep, would be reading a limitation that's not in the statute that says any reason, unable for any reason. With respect to the gang membership, the victim expressed that it is not uncommon for a victim's credibility to be challenged on the basis that, hey, you didn't report this. You must be making this up because you didn't report this immediately. So the fact that the victim had a reason for the delay has been allowed as coming in. In this case, the victim testified. If that reason is because the alleged perpetrator is in a gang, are there cases that back that position up? I could find no cases directly on point regarding this particular scenario, but it is a very broad standard. It's relevant for any purpose other than propensity to commit crime. Generally, it is to something like intent or motive or mode of operation, the continuing narrative. In a sense, this could fall within the continuing narrative because the victim testified. She didn't report the funding immediately. This is page 146 of volume 11. This is a quote. She did not want him to come after her or anything because he was telling us stuff earlier that day. So it is part of the continuing narrative of what happens, that she was afraid he was going to come after her because of what he was telling her earlier about his gang membership. So it does fall generally within the continuing narrative exception that has been found. Should the prosecutor have waited until after cross-examination? And if the cross-examiner brought up the issue of her delay in reporting, then she could have answered about why she delayed her reporting. Or the state could have done it and redirected it. The state could have done that, but I don't know of any rule that says that you have to wait until your witness has been beat or attacked before you can rehabilitate them. It would be similar to saying bringing out the victim. If the victim had a criminal record, bring it out yourself rather than waiting for the other person to bring it up. You can anticipate the attack on the victim's credibility and deal with it in direct. I don't think there's any rule that says you have to wait until after to bring it up. It just always seems to me, Mr. Manchin, that some prosecutors, not all, and I was a prosecutor, but some prosecutors go over the line in trying to bring in evidence about the defendant that they know they shouldn't be bringing in. I don't see how the 1996 confession that he was a gangster disciple was admissible. How is that admissible? You had Officer Dougherty testifying that in 1996 he made a statement that he was a member of the... How does that play into her state of mind? She has no idea that occurred. That's not relevant to her state of mind. Well, I think the discussion of his gang membership and showing his gang tattoos to her shortly before the defense is clearly admissible in relevance. Establishing that he is in fact a gang member I think does go to the credibility of her fear that he was a member of the gang. Tell me how that's relevant. She didn't even know it. She was born in 1996. So how is it relevant that he made a statement in 1996 that he was a member of the gang? I don't believe it was in 1996 that the statement was made. I'm trying to remember the record regarding the... In my recollection it was 1996. Let's see if I can find my notes on that. Regardless, it was well before the trial. Well before she was even old enough to know or understand that she was never present when he made the statement. So it couldn't affect her state of mind. So they wanted to get in front of the jury that he was a gang member. That's what they wanted. But how is that relevant to whether he raped her or sexually molested her? I think it does go to her state of mind. The trial judge... The standard for admissibility is did the trial judge abuse his discretion. And it's a very... That standard is was it arbitrary or would there... No reasonable person would agree with the disposition or decision of the trial judge. And that is the standard that is applied to the admission of this evidence. And I think under that standard the trial court did not abuse his discretion. That the guy said in 1996 he was a member of the Gangster Disciples? You don't think that's an abusive discretion? I do not recall if there... I don't recall if there was a contemporary objection to the... There was. I did not recall. It's all preserved. I just submit that given the instructions to the jury twice that the evidence simply went to the victim's state of mind. That... Was that an IPI instruction? Or was it from IPI? I think it's from IPI. Modified to fit the specific parameters of the evidence in this particular case. Usually you instruct the jury evidence that the defendant has been involved in another crime has been admitted for the purpose of showing identity can be only introduced for that purpose. In this case they phrased the... Because you've heard evidence with regard to gang affiliation for the limited purpose. Only considered for the purpose of the middle state of the victim. Yeah, what does that mean? Just going to her statement that I did not report this. Her fear of the defendant and the delay in reporting. I wonder why the instruction didn't say you can consider only as a possible explanation as to why she didn't report this crime earlier. Instead of saying it goes to her mental state. Mental state concerning what? Instruction doesn't even instruct the jury. Does it? In a broad sense it does. It just tells me it goes to her mental state. And that's exactly what it was. The defendant did not object to the form of the instruction. Either I have trial or an appeal as far as not being sufficient or being misstated. And you say that isn't it? From the only pattern of instruction. I think it's a modification of the instruction. Like I said, the general one is the evidence that has been received that the defendant is involved in other conduct that has been admitted on the purpose. For this limited purpose you should consider only for that limited purpose. But you've also indicated the defendant did not object to that instruction. That's correct. Okay. Again on page 233 of the volume 12 it says, referring to the tattoo, again it's for the limited purpose of relating to and improving the state of the mind that you heard a testimony about from the victim. Again, showing how that it was. But they heard a lot of testimony from the victim. What particular part of the testimony? Again. Referring to her state of mind. I think it has to go directly to her testimony that she was afraid because she thought the defendant was going to come after her if she reported it. I agree with you. I don't think that's what the instruction says, though. Again, there was no objection to the instruction. All right. That part I get. If there are no further questions to the court, I will stand on my brief with respect to the other issues. Seeing none, Mr. Manchin, thank you. And rebuttal, please. Thank you. I expect my rebuttal to be fairly brief. I just wanted to point out a few things. The admission to being in a gang was, in fact, in 1996. That's when the interview with Officer Doherty occurred. And Mr. Manchin is correct, the state is correct, that there is no objection to the language of the actual limiting instruction. However, there is a continuing objection that the defense counsel makes to the entirety of the testimony, gang-related testimony. It's also perfectly preserved in the post-trial motion. And to be honest, he had already lost the ability to keep that evidence out. And so at that point, I think it becomes a strategic decision to at least give some kind of instruction to keep the jury from using it for improper purposes. However, again, as I noted in my brief, limiting instructions cannot cure every error. And in this particular case, it just simply could not cure the error here because it's highly prejudicial and the relevance is tenuous at best. And I would also like to note, going back to Argument 1, the state referenced or kept saying that the statute says any reason. However, 1213-A2 does not say unable to consent for any reason. That's language that you will find in this court's decision in People v. Lloyd based on the decision in People v. Witten. That's an interpretation made by this court. Repeat that for me. The statutory section doesn't say what? It doesn't say unable to consent for any reason. It says unable to give knowing consent. And I believe the any reason language was mentioned by this court in its decision in People v. Lloyd. Well, that's in the statute, isn't it? Any reason. The language of the statute, as I have it, Your Honor, is commits an act of sexual penetration and the accused knew that the victim was unable to understand the nature of the act or was unable to give knowing consent. The any reason language comes from People v. Witten. It's an interpretation that the court in People v. Witten made. And my last point today, just going back to the gang evidence, is it also improperly bolstered, the prosecutor's statements also improperly bolstered, the victim's credibility to the jury. And that is a point that was made in the briefs. And if there are no further questions, I would just ask that this court vacate Mr. Tipser's conviction or send this case back for a new trial because of the improper gang evidence that was admitted. Thank you, Your Honor. Okay, thanks to both of you. The case is submitted.